IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHALANE JOHNSON, individually and on behalf of others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>MHMR AUTHORITY OF BRAZOS VALLEY<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. _____<br>§<br>§<br>§<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

Defendant MHMR Authority of Brazos Valley ("MHMR" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332(d), 1453, and 1446 as follows:

### I.   STATEMENT OF GROUNDS FOR REMOVAL

1. On August 14, 2023, Plaintiff Shalane Johnson ("Plaintiff"), individually and on behalf of others similarly situated ("Putative Class Members"), commenced an action in the 361st Judicial District Court of Brazos County, State of Texas, by filing her Original Class Action Petition captioned as *Shalane Johnson, individually and on behalf of others similarly situated v. MHMR Authority of Brazos Valley*, Cause No. 23-002232-CV-CCL2 (hereinafter, the "Petition").[1]

2. On August 14, 2023, MHMR received an unfiled copy of the Petition via FedEx delivery.

3. Plaintiff alleges that she and the Putative Class Members suffered damages arising from unauthorized access to MHMR's computer systems on or around November 5, 2022.[2] Plaintiff, individually and on behalf of the Putative Class Members, now seeks monetary,

---

[1] **Exhibit 1** (Petition).
[2] **Exhibit 1** at page 2, paragraph 5.

injunctive, and declaratory relief against MHMR for breach of contract, breach of implied contract, negligence, negligence per se, breach of fiduciary duty, invasion of privacy, and unjust enrichment.[3]  Plaintiff alleges that the Putative Class Members consistent of "roughly 83,000 current and former patients of MHMR whose data was compromised in the Data Breach."[4]  The data allegedly includes personally identifiable information and protected health information, including names, dates of birth, social security numbers, medical record numbers, medical diagnosis information, individual health insurance policy numbers, physician or medical facility information, and medical conditions or treatment.[5]

4. The state court class action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453(b).  More specifically, this matter is a "class action" as defined under 28 U.S.C. § 1332(d)(1)(B), wherein the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and at least one member of a class of plaintiffs is a citizen of a State different from MHMR.  Plaintiff's Petition alleges that "more than 30% of the class members are Texas residents."[6]

## II.    PROCEDURAL REQUIREMENT FOR REMOVAL

5. Upon filing of this Notice of Removal of the cause, MHMR gave written notice of the filing to the Plaintiff and Plaintiff's counsel as required by law. A copy of this Notice will be promptly filed with the clerk of the state court where this cause was originally filed. A copy of all processes, pleadings, and orders have been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

---

[3] **Exhibit 1** at pages 33 through 54.
[4] **Exhibit 1** at page 29, paragraph 129.
[5] **Exhibit 1** at page 3, paragraph 8.
[6] **Exhibit 1** at page 6, paragraph 23.

6. Removal is timely, as MHMR filed this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b)(1). *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

7. In accordance with 28 U.S.C. § 1446(a), all documents filed with this Notice are attached as **Exhibit 1**, including copies of all pleadings asserting causes of action, the return of service for MHMR, and the docket sheet in the state court action with Cause No. 23-002232-CV-CCL2.[7]

8. Pursuant to 28 U.S.C. § 1446(d), MHMR will file a Notice of Filing of Removal with the state court.

9. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read this Notice of Removal, that to the best of his knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

### III.   VENUE

10. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in Brazos County, Texas.

### IV.   PARTIES

11. According to the Petition, Plaintiff was a resident of Texas at the time suit was commenced.[8]

---

[7] **Exhibit 2** (FedEx receipt); **Exhibit 3** (docket sheet).  MHMR has not received service of citation and process pursuant to the Texas Rules of Civil Procedure.  Therefore, no formal return of service is available for the attachment. Rather, MHMR received a copy of Plaintiff's Petition via FedEx, and MHMR hereby attaches a copy of the scanned FedEx receipt.  In addition, MHMR has not filed a responsive pleading in state court.

[8] **Exhibit 1** at Page 5, paragraph 18.

12. MHMR is a public non-profit community center that operates through the Texas Health & Human Services Commission, and its principal place of operation is in Brazos County, Texas.

13. MHMR has not filed a responsive pleading to Plaintiff's Petition in state court.

## V.   AMOUNT IN CONTROVERSY

14. In her Original Petition, Plaintiff affirmatively pleads that she individually and on behalf of the Putative Class Members seeks monetary relief over $1,000,000.00 for injuries and damages.[9] Plaintiff claims that there are approximately 83,000 Putative Class Members and that the average total cost to resolve an identity theft-related incident is approximately $20,000.[10] In addition, Plaintiff alleges that a patient's protect health information can sell for $363 on "the black market."[11] Therefore, the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2).

## VI.   JURY DEMAND

15. As part of her Original Petition, Plaintiff has demanded a jury in the state court suit.[12]

16. All fees required by law in connection with this Notice have been tendered and paid by MHMR.

WHEREFORE, MHMR AUTHORITY OF BRAZOS VALLEY, Defendant, pursuant to the statutes cited herein and in conformity with the requirements set forth in 28 U.S.C. § 1446, removes this action from the 361st Judicial District Court of Brazos County, Texas, to this Court. Dated this 13th day of September, 2023.

---

[9] **Exhibit 1** at Page 2; *id*. at Page 22, paragraph 22.
[10] **Exhibit 1** at Page 29, paragraph 192; *id*. at Page 9, paragraph 39.
[11] **Exhibit 1** at Page 22, paragraph 88.
[12] **Exhibit 1** at Page 55.

**WOOD SMITH HENNING & BERMAN, LLP**

*/s/ Daniel J. Paret*
Daniel J. Paret, Texas State Bar No. 24088181
14860 Landmark Blvd., Suite 120
Dallas, Texas 75254
Telephone:  (469) 210-2050
Fax:  (469) 210-2051
dparet@wshblaw.com

**ATTORNEYS FOR DEFENDANT
MHMR AUTHORITY OF BRAZOS VALLEY**

**CERTIFICATE OF SERVICE**

    I certify that on September 13, 2023, a copy of this Notice of Removal was served on all parties and/or counsel of record via email.

*/s/Daniel J. Paret*
Daniel J. Paret