United States District Court
Southern District of Texas
**ENTERED**
December 13, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHALANE JOHNSON, Individually and on behalf of others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-23-3448 |
| MHMR AUTHORITY OF BRAZOS VALLEY, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Shalane Johnson ("Johnson" or "Plaintiff"), initiated this action on August 14, 2023, by filing an Original Class Action Petition captioned <u>Shalane Johnson, individually and on behalf of others similarly situated v. MHMR Authority of Brazos Valley</u> ("Plaintiff's Petition"), in the 361st Judicial District court of Brazos County, Texas, Cause No. 23-002232-CV-CCL2. Plaintiff alleges that she and the Putative Class Members suffered damages arising from unauthorized access to Defendant's computer systems on or about November 5, 2022.[1] Plaintiff, individually and on behalf of the Putative Class Members, seeks monetary, injunctive, and declaratory relief against Defendant for breach of contract, breach of implied contract, negligence, negligence per se, breach of fiduciary duty, invasion of privacy, unjust

---

[1]Plaintiff's Petition, Docket Entry No. 1-2.

enrichment, and declaratory judgment.² On September 13, 2023, Defendant removed Plaintiff's action to this court asserting that

> [t]he state court class action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453(b). More specifically, this matter is a "class action" as defined under 28 U.S.C. § 1332(d)(1)(B), wherein the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and at least one member of a class of plaintiffs is a citizen of a State different from MHMR. Plaintiff's Petition allege's that "more than 30% of the class members are Texas residents."³

Pending before the court is Defendant MHMR Authority of Brazos Valley's Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Defendant's Motion to Dismiss") (Docket Entry No. 3), in which Defendant argues that Plaintiff's causes of action should all be dismissed pursuant to Rule 12(b)(1)

---

²Id. at 33-54 ¶¶ 137-256. All page numbers for docket entries refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

³Notice of Removal, Docket Entry No. 1, p. 2 (citing Plaintiff's Petition, Docket Entry No. 1-2, p. 6 ¶ 23). Plaintiff also alleges that "MHMR filed official notice of a hacking incident with the Office of the Maine Attorney General reporting at least 83,245 victims of the data breach." Plaintiff's Petition, Docket Entry No. 1-2, p. 2 ¶ 3 (citing Data Breach Notifications, Office of the Maine Attorney General, last accessed on August 11, 2023). The Date Breach Notification for this incident maintained by the Maine Attorney General's Office states "Total number of Maine residents affected: 8." See https://apps.web.maine.gov/online/aeviewer/ME/40/c0f635df-e240-41f1-b726-ca1e7ab42afa.shtml (last accessed December 13, 2023).

for lack of subject matter jurisdiction, or pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted. Also before the court are Plaintiff's Opposition to Defendant MHMR Authority of Brazos Valley's Motion to Dismiss ("Plaintiff's Opposition"), Docket Entry No. 5, in which Plaintiff argues that her causes of action should not be dismissed under either Rule 12(b)(1) or Rule 12(b)(6), and Defendant MHMR Authority of Brazos Valley's Reply in Support of Its Motion to Dismiss under Rules 12(B)(1) and 12(B)(6) of the Federal Rules of Civil Procedure ("Defendant's Reply"), Docket Entry No. 8, in which Defendant "recognizes that the relief it seeks is more appropriate under Rule 12(b)(6)."[4] After carefully considering the pleadings, the law, and the parties' arguments, the court concludes that Defendant's Motion to Dismiss should be granted.

## I. **Plaintiff's Factual Allegations**[5]

Plaintiff alleges that Defendant is a public non-profit healthcare organization specializing in mental health and intellectual and developmental disability services with its principal place of business located in Bryan, Texas. Plaintiff alleges that as a condition of providing services, Defendant

---

[4] Defendant's Reply, Docket Entry No. 8, p. 2.

[5] The factual allegations are derived from the "Introduction" and "Factual Allegations" sections of Plaintiff's Petition, Docket Entry No. 1-2, pp. 2-29 ¶¶ 1-17, 23-123, and accepted as true for purposes of analyzing Defendant's Motion to Dismiss.

requires patients to disclose highly sensitive personal information. Plaintiff alleges that she and approximately 83,000 putative class members provided their personal information to Defendant with the reasonable expectation and mutual understanding that Defendant would keep their information confidential and secure from unauthorized access and provide timely notice of breaches.

Plaintiff alleges that Defendant experienced a security breach that disrupted access to its computer systems, and caused it to launched an investigation and notify law enforcement. Plaintiff alleges that on May 30, 2023, Defendant learned that an unauthorized party had accessed its computer system and acquired files containing sensitive patient information on November 5, 2022 ("Data Breach"). On July 26, 2023, Defendant sent data breach notices to approximately 83,000 individuals whose information was compromised as a result of the Data Breach.

Plaintiff alleges that Defendant failed to properly secure and safeguard from criminal hackers Plaintiff's and other similarly situated patients' personally identifiable information ("PII") and protected health information ("PHI"), including name, date of birth, social security number, medical record number, medical diagnosis information, individual health insurance policy number, physician or medical facility information, and medical condition of treatment information (the "Private Information"). Plaintiff alleges that Defendant has not offered any assurance that all personal data or copies of data have been recovered or destroyed,

-4-

or that its data security practices have been enhanced to avoid future breaches. Plaintiff alleges that Defendant had obligations created by contract, industry standards, common law, and representations made to her and to putative class members to keep their PII and PHI confidential and protected from unauthorized access and disclosure.

Plaintiff alleges that since receiving notice of the Data Breach, which required filing of a data breach report under 45 C.F.R. § 164.408(a), she and the putative class members reasonably believe that future harm (including medical identity theft) is real and imminent, and that action is needed to mitigate risk of future harm. Plaintiff therefore alleges that she and the putative class members have suffered or will suffer actual injury in the form of out-of-pocket expenses and the value of their time reasonably incurred to remedy or mitigate effects of the Data Breach.

## II. **Standard of Review**

Defendant initially sought dismissal of all the causes of action asserted in Plaintiff's Petition under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), but now seeks dismissal of all those causes of action only under Rule 12(b)(6). A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United

States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S.Ct. 2665 (2002). To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965). When considering a motion to dismiss, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. Id. Courts are "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010). The court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011) (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509 (2007)).

### III. **Analysis**

Asserting that it is "a public community center established under [§] 534.001 of Texas's Health & Safety Code,"[6] Defendant argues that the causes of action asserted in Plaintiff's Petition should all be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction, or Rule 12(b)(6) for failure to state a claim for which relief may be granted because it is a governmental entity entitled to immunity from both suit and liability under Texas law.[7] Without disputing Defendant's status as a governmental entity entitled to immunity from both suit and liability under Texas law,[8] Plaintiff responds that Defendant's Motion to Dismiss should be

---

[6]Defendant's Motion to Dismiss, Docket Entry No. 3, p. 10 ¶ 12.

[7]Id. at 13-17 ¶¶ 26-34. In support of this assertion, Defendant cites the Affidavit of Ken Danford, Jr., its Director of Administrative Services, its formation documents, and a certificate from the Texas Department of Mental Health and Mental Retardation dated March 1, 1974. Exhibit 1 to Defendant's Motion to Dismiss, Docket Entry No. 3-1, pp. 1-2 (Danford Affidavit), 8-44 (formation documents), and 45 (March 1, 1974, certificate). Defendant also submits an additional certificate from the Texas Department of Mental Health and Mental Retardation dated August 26, 2003, stating that "MHMR Authority of Brazos Valley in accordance with provisions of the Texas Health and Safety Code, Title 7, Subtitle A, Section 534, Subchapter A, is hereby recognized as the Community Mental Health and Mental Retardation Center for the following counties: Brazos, Grimes, Madison, Washington, Burleson, Leon and Robertson." Id. at 5.

[8]See Plaintiff's Opposition, Docket Entry No. 5, p. 10 (stating that "[d]espite its status as a 'government unit', MHMR expressly waived its immunity from suit by removing the case from state to federal court"). See also Gulf Coast Center v. Curry, 658 S.W.3d 281, 289 & n. 8 (Tex. 2022) (recognizing Community Centers formed pursuant to Texas Health and Safety Code § 534.001(c)(1) as units of local government).

denied because Defendant waived its immunities by removing her action to this court and, thereby, voluntarily submitting itself to federal court jurisdiction, and because her petition plausibly states claims upon which relief may be granted.[9] Defendant replies that it "recognizes that the relief it seeks is more appropriate under Rule 12(b)(6)."[10]

**A.   Removal Waived Defendant's Eleventh Amendment Immunity, If Any, But Did Not Waive Defendant's State Law Immunities**

Citing Zeng v. Texas Tech University Health Science Cetner at El Paso, 836 F. App'x 203, 207 (5th Cir. 2020) (per curiam), cert. denied, 142 S. Ct. 84 (2021), Meyers ex rel. Benzing v. Texas, 410 F.3d 236, 242 (5th Cir. 2005), reh'g and reh'g en banc denied, 545 F.3d 503 (5th Cir. 2006), cert. denied, 127 S. Ct. 2126 (2007), and Lapides v. Board of Regents of the University System of Georgia, 122 S. Ct. 1640 (2002), Plaintiff argues that when Defendant filed its Notice of Removal invoking this court's diversity jurisdiction, Defendant waived its Eleventh Amendment immunity from suit.[11] Plaintiff argues that "according to Supreme Court and Fifth Circuit precedent, MHMR's [r]emoval . . . was a voluntary invocation of the

---

[9]Plaintiff's Opposition, Docket Entry No. 5, p. 12 (asserting "MHMR [w]aived its [i]mmunity from [s]uit by [r]emoving to [f]ederal [c]ourt").

[10]Defendant's Reply, Docket Entry No. 8, p. 2.

[11]Plaintiff's Opposition, Docket Entry No. 5, pp. 12-14.

[c]ourt's jurisdiction thereby waiving any claim of sovereign immunity protection from suit."[12]

The parties do not dispute that Defendant is a governmental entity under Texas law, but neither party clearly states whether Defendant is a state or a local governmental entity. The distinction matters because the Eleventh Amendment immunity at issue in the cases on which Plaintiff relies applies to state but not local governmental entities. See Will v. Michigan Department of State Police, 109 S. Ct. 2304 (1989) (holding that the Eleventh Amendment bars suits brought by private citizens against states unless the state has waived or Congress has abrogated state immunity). See also Kastner v. Lawrence, 390 F. App'x 311, 315 (5th Cir. 2010) (same). The Texas Supreme Court case on which Defendant relies in support of its assertion that it is a governmental entity, i.e., Curry, 658 S.W.3d at 289 & n. 8, recognizes public community centers formed pursuant to Texas Health and Safety Code § 534.001(c)(1) as units of local government.[13] The court is unable to conclude therefore that Defendant is entitled to the immunity accorded to states by the Eleventh Amendment, which was at issue in the cases on which Plaintiff relies. Nevertheless, even assuming that Defendant is entitled to Eleventh Amendment immunity, and the cases on which Plaintiff relies are applicable, the court concludes that Plaintiff reads the caselaw too broadly.

---

[12]Id. at 14.

[13]Defendant's Motion to Dismiss, Docket Entry No. 3, p. 14.

In Lapides the State of Georgia, "while conceding that a state statute had waived sovereign immunity for state-law suits in state court, argued that, by virtue of the Eleventh Amendment, it remained immune from suit in federal court." 122 S. Ct. at 1642. The Supreme Court held that a State waives its Eleventh Amendment immunity when it removes a case to federal court. Id. at 1646 ("removal is a form of voluntary invocation of a federal court's jurisdiction sufficient to waive the State's otherwise valid objection to litigation of a matter (here of state law) in a federal forum"). The Court limited its holding "to the context of state-law claims, in respect to which the State has explicitly waived immunity from state-court proceedings," id. at 1643, and did not "address the scope of waiver by removal in a situation where the State's underlying sovereign immunity from suit has not been waived or abrogated in state court." Id. Unlike the Lapides defendant, Defendant has not conceded that the Plaintiff could sue it in state court. To the contrary, while conceding that by removing the case to this court it has waived immunity to federal jurisdiction, Defendant argues that it has not waived immunities from suit or liability provided to it by state law.

The Fifth Circuit has recognized that the reasoning in Lapides "applies generally to any private suit which a state removes to federal court." Meyers, 410 F.3d at 242. But the Fifth Circuit

-10-

has also recognized that governmental entities enjoy multiple types of immunities, and that while a governmental entity's voluntary removal of an action to federal court waives Eleventh Amendment immunity, removal does not waive immunities provided by state law. Id. at 252-55. In denying a petition for rehearing and rehearing en banc in Meyers, the Fifth Circuit explained that

> [t]he narrow holding in the instant case is that, under the Supreme court's decision in Lapides . . . when a State removes to federal court a private state court suit . . . it invokes federal jurisdiction and thus waives its unqualified right to object peremptorily to the federal district court's jurisdiction on the ground of state sovereign immunity. However, that waiver does not affect or limit the State's ability to assert whatever rights, immunities or defenses are provided for by its own sovereign immunity law to defeat the claims against the State finally and on their merits in the federal courts. In sum, Texas may assert its state sovereign immunity as defined by its own law as a defense against the plaintiffs' claims in the federal courts, but it may not use it to defeat federal jurisdiction or as a return ticket back to the state court system.

Meyers, 454 F.3d at 504. In Zeng, 836 F. App'x at 207, the Fifth Circuit reiterated its holding in Meyers. Thus, by voluntarily removing Plaintiff's action to this court, Defendant waived any immunity it may have from suit in federal court, but did not waive its ability to assert immunities provided by Texas law to defeat Plaintiff's claims on the merits. Meyers, 454 F.3d at 504.

B.  **Texas Immunity Law Bars All of Plaintiff's Causes of Action**

Plaintiff asserts state law causes of action for breach of contract, breach of implied contract, negligence, negligence per se, breach of fiduciary duty, invasion of privacy, unjust enrichment, and injunctive and declaratory relief.[14] Defendant argues that Texas immunity law bars all of Plaintiff's causes of action.[15] Plaintiff responds that her petition plausibly states claims upon which relief may be granted,[16] but does not dispute that her causes of action are barred if Defendant's removal did not waive all of its immunities.[17]

1.  Applicable Law

"Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages." Mission Consolidated Independent School District v. Garcia, 253 S.W.3d 653,

---

[14]Plaintiff's Petition, Docket Entry No. 1-2, pp. 33-54 ¶¶ 137-256.

[15]Defendant's Motion to Dismiss, Docket Entry No. 3, pp. 13-17 ¶¶ 26-34; Defendant's Reply, Docket Entry No. 8, pp. 3-6 ¶¶ 4-12 and 11 ¶ 24.

[16]Plaintiff's Opposition, Docket Entry No. 5, pp. 9-14.

[17]Id. (responding to Defendant's immunity defenses by arguing only that Defendant waived its immunity from suit by removing this case from state to federal court, thereby, voluntarily submitting to federal court jurisdiction).

655 (Tex. 2008).  While sovereign immunity protects the State, state agencies, and their officers, governmental immunity protects subdivisions of the State, including municipalities, counties, and school districts.  Id. at 654 n. 2.  Immunity from suit precludes an action against governmental entities unless the state legislature expressly consents in clear and unambiguous language, while immunity from liability shields governmental entities from judgments even if the legislature has expressly waived their immunity from suit.  Id.  "[B]oth types of immunity afford the same degree of protection and both levels of government are subject to the Tort Claims Act [("TTCA")].  Tex. Civ. Prac. & Rem. Code § 101.001(3))."  Id. (citing Harris County v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004)).

   2.   Application of the Law to the Factual Allegations
      (a)   Plaintiff's Contract Causes of Action

When a governmental entity enters into a contract for its benefit, it is liable on the contract as if it were a private person. Tooke v. City of Mexia, 197 S.W.3d 325, 332 (Tex. 2006) ("By entering into a contract, a governmental entity necessarily waives immunity from liability, voluntarily binding itself like any other party to the terms of agreement, but it does not waive immunity from suit.").  Thus, when a governmental entity enters

into a contract, it waives its immunity from liability, but it does not waive immunity from suit absent legislative consent that is clear and unambiguous. Id. at 332-33. See also Tex. Govt. Code § 2260.001-108 (recognizing that governmental entities are immune from suit for breach of contract, but establishing an exclusive administrative process to resolve claims arising from written contracts for sale of goods or services).

Plaintiff's causes of action for breach of contract and breach of implied contract are barred by immunity because Plaintiff has not cited and the court has not found legislative consent for her or the putative class members to sue Defendant for breach of contract or for breach of implied contract arising from the collection of PI or PHI for the purpose of providing mental health or intellectual and developmental disability services. Plaintiff's cause of action for unjust enrichment is barred by immunity because Texas law characterizes claims of unjust enrichment as quasi-contractual. See North Cypress Medical Center Operating Co., Ltd. v. Cigna Healthcare, 781 F.3d 182, 204 (5th Cir. 2015) (citing Fortune Production Co. v. Conoco, Inc., 52 S.W.3d 671, 683 (Tex. 2000) ("Unjust enrichment claims are based on quasi-contract.").

Although Plaintiff's cause of action for declaratory judgment seeks injunctive as opposed to monetary relief, it, too, is barred by immunities provided to governmental entities by state law because Plaintiff seeks a declaration that MHMR's existing security

measures do not comply with its contractual obligations to provide adequate data security.[18] A declaration in Plaintiff's favor would, therefore, essentially resolve her causes of action for breach of contract and breach of implied contract. Thus, her cause of action for declaratory judgment is, in fact, an attempt to circumvent immunities afforded to Defendant under state law. The Fifth Circuit has held that plaintiffs cannot circumvent immunities provided by state law by seeking declaratory relief that would essentially resolve breach of contract claims. See Webb v. City of Dallas, Texas, 314 F.3d 787, 793 n. 18 (5th Cir. 2002). See also Stem v. Gomez, 813 F.3d 205, 214 (5th Cir. 2016) ("Immunity still applies when a plaintiff mischaracterizes a suit for money damages as one for declaratory judgment."). Accordingly, the court concludes that Plaintiff's causes of action for breach of contract, breach of implied contract, unjust enrichment, and declaratory judgment should be dismissed for failure to state a claim on which relief may be granted.

(b)  Plaintiff's Tort Causes of Action

Defendant argues that Plaintiff's tort causes of action are subject to dismissal because they do not fall within the TTCA's limited waiver of immunity for suits against governmental entities.

---

[18]Plaintiff's Petition, Docket Entry No. 1-2, p. 53 ¶ 256 (stating that "Plaintiff . . . seek[s] a declaration (1) that MHMR's existing security measures do not comply with its contractual obligations . . .").

The TTCA does not create a cause of action but, instead, waives immunity for certain suits against Texas governmental entities. See Rodriguez v. Christus Spohn Health System Corp., 628 F.3d 731, 736 (5th Cir. 2010) (citing City of Tyler v. Likes, 962 S.W.2d 498, 494 (Tex. 1997)); Bustillos v. El Paso County Hospital District, 891 F.3d 214, 223 (5th Cir. 2018) (same). The TTCA provides that:

> A governmental unit in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
>> (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>>
>> (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code Ann. § 101.021. The TTCA's express waiver of immunity does not extend to claims arising out of intentional torts. Tex. Civ. Prac. & Rem. Code § 101.057 (excluding waiver for claims "arising out of assault, battery, false imprisonment, or any other intentional tort"). See also Jackson v. Texas Southern University, 997 F.Supp.2d 613, 632 (S.D. Tex. 2014) (citing Texas Department of Public Safety v. Petta, 44 S.W.3d 575, 580 (Tex. 2001)).

> To state an actionable claim under [§] 101.021(2) based upon the "condition" of tangible personal property, it is sufficient to allege that defective property contributed to the injury. . . To state a claim under the [TTCA] based upon the use or misuse of nondefective tangible personal property, a plaintiff must allege (1) that the property was used or misused by a governmental employee acting within the scope of his or her employment and (2) that the use or misuse of the property was a contributing factor to the injury.

Gonzales v. City of El Paso, 978 S.W.2d 619, 623 (Tex.App.-El Paso 1998, no pet.) (citing Salcedo v. El Paso Hospital District, 659 S.W.2d 30, 32 (Tex. 1983)). "The negligence of the government employee must be the proximate cause of the injury and must involve a condition or use of tangible personal property under circumstances where there would be private liability." Id. (citing Salcedo, 619 S.W.2d at 623, and University of Texas Medical Branch at Galveston v. York, 871 S.W.2d 175, 178 n. 5 (Tex. 1994)). "The [TTCA] does not provide for liability based upon a nonuse of property." Id. (citing Kassen v. Hatley, 887 S.W.2d 4, 14 (Tex. 1994)). "If a plaintiff pleads facts which amount to an intentional tort, no matter if the claim is framed as negligence, the claim generally is for an intentional tort and is barred by the TTCA." Harris County, Texas v. Cabazos, 177 S.W.3d 105, 111 (Tex.App.-Houston [1st Dist.] 2005, no pet.) "A plaintiff cannot circumvent the intentional tort exception by couching his claims in terms of negligence." Id. (citing Petta, 44 S.W.3d at 580).

The causes of action that Plaintiff has asserted for negligence, negligence per se, breach of fiduciary duty, and invasion of privacy all sound in tort and are all barred by Defendant's governmental immunity because Plaintiff's Petition does not allege any facts related to the operation or use of motor vehicles or equipment, or to personal injury or death caused by a condition or use of tangible or real property. See Rosetta Resources Operating, LP v. Martin, 645 S.W.3d 212, 227 (Tex. 2022) (recognizing negligence and breach of fiduciary duty as tort claims). The court concludes, therefore, that Defendant's immunity from suit for Plaintiff's tort claims has not been waived. Plaintiff's cause of action for invasion of privacy is barred for the additional reason that invasion of privacy is an intentional tort, and the TTCA does not waive immunity for intentional torts. See Billings v. Atkinson, 489 S.W.2d 858, 861 (Tex. 1973) (describing invasion of privacy as a "willful tort"); Tex. Civ. Prac. & Rem. Code § 101.057 (excluding waiver for claims "arising out of assault, battery, false imprisonment, or any other intentional tort"). See also Amin v. United Parcel Service, Inc., 66 F.4th 568, 576 (5th Cir. 2023) (recognizing invasion of privacy as an intentional tort).

The causes of action that Plaintiff has asserted for negligence, negligence per se, breach of fiduciary duty, and invasion of privacy all sound in tort and are all barred by Defendant's governmental immunity because Plaintiff's Petition does not allege any facts related to the operation or use of motor vehicles or equipment, or to personal injury or death caused by a condition or use of tangible or real property. See Rosetta Resources Operating, LP v. Martin, 645 S.W.3d 212, 227 (Tex. 2022) (recognizing negligence and breach of fiduciary duty as tort claims). The court concludes, therefore, that Defendant's immunity from suit for Plaintiff's tort claims has not been waived. Plaintiff's cause of action for invasion of privacy is barred for the additional reason that invasion of privacy is an intentional tort, and the TTCA does not waive immunity for intentional torts. See Billings v. Atkinson, 489 S.W.2d 858, 8661 (Tex. 1973) (describing invasion of privacy as a "willful tort"); Tex. Civ. Prac. & Rem. Code § 101.057 (excluding waiver for claims "arising out of assault, battery, false imprisonment, or any other intentional tort"). See also Amin v. United Parcel Service, Inc., 66 F.4th 568, 576 (5th Cir. 2023) (recognizing invasion of privacy as an intentional tort).

### IV. Conclusions and Order

For the reasons stated in § III, above, the court concludes that the causes of action alleged in Plaintiff's Petition are all barred because Defendant's entitlement to immunity from suit and liability under Texas law has not been waived. Accordingly, Defendant MHMR Authority of Brazos Valley's Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Docket Entry No. 3, is **GRANTED** and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this the 13th day of December, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE